UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CORNELIA FIFTH AVENUE LLC and  :    Case No. 07 CV 11529 (RJS)(GWG)
CORNELIA ESSENTIALS, LLC,

                                           :    ECF Case

             Plaintiffs,

                                           :    **ANSWER WITH**
         v.                                     **COUNTERCLAIMS**

                                           :

TIGERNET SYSTEMS, INC.,                **Trial by Jury Demanded**

                                           :

            Defendant.
---------------------------------------------------------------X

       Defendant TigerNet Systems, Inc. ("TigerNet"), by and through its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its Answer to the Complaint dated December 20, 2007, states as follows:

       1.     Admits that this purports to be an action for breach of contract, fraud and computer tampering under the Computer Fraud and Abuse Act. TigerNet further admits that plaintiff Cornelia Fifth Avenue LLC retained TigerNet to design (excluding the design and selection of software), build, implement and install a computer system for its day spa, and denies the remaining allegations contained in paragraph 1 of the Complaint.

       2.     Denies each and every allegation contained in paragraph 2 of the Complaint.

       3.     Denies each and every allegation contained in paragraph 3 of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

       6.     Admits the allegations contained in paragraph 6 of the Complaint.

7. Admits that TigerNet is incorporated in the State of Connecticut with a principal place of business located in Connecticut, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning jurisdiction contained in paragraph 7 of the Complaint, and respectfully refers all questions of law to this Honorable Court.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning jurisdiction contained in paragraph 8 of the Complaint, and respectfully refers all questions of law to this Honorable Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning venue contained in paragraph 9 of the Complaint, and respectfully refers all questions of law to this Honorable Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Admits the allegations contained in paragraph 13 of the Complaint.

14. Admits that TigerNet and plaintiff Cornelia Fifth Avenue LLC entered into a Master Services Agreement in or about May, 2004, denies the remaining allegations contained in paragraph 14 of the Complaint, and respectfully refers this Honorable Court to said agreement for the import and contents thereof.

15. Admits that plaintiff Cornelia Fifth Avenue LLC retained TigerNet to design (excluding the design and selection of software), build, implement and install a computer system for office space maintained by said plaintiff at 666 Fifth Avenue, New York, and denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Admits that plaintiff Cornelia Fifth Avenue LLC and TigerNet entered into a Support Agreement, denies the remaining allegations contained in paragraph 16 of the Complaint, and respectfully refers this Honorable Court to said agreement for the import and contents thereof.

17. Admits that TigerNet designed (excluding the design of software), implemented and installed certain components for a computer system for the day spa of plaintiff Cornelia Fifth Avenue LLC. TigerNet further admits that it purchased and installed certain software at the request of plaintiff Cornelia Fifth Avenue LLC, and denies the remaining allegations of paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies there was three years of consistent crashes and system and network errors, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20. Denies that the system as designed and installed by TigerNet is unnecessarily complex and overbuilt, not configured properly, not set up according to the requests and needs of plaintiff Cornelia Fifth Avenue LLC and has unnecessary redundancies that are poorly designed, and denies knowledge or information sufficient to form a belief as to the conclusions reached concerning the audit by L&D Computer as alleged in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except denies knowledge or information sufficient to form a belief as to the nature of the advice or information provided by L&D Computer to plaintiff Cornelia Fifth Avenue LLC.

22. Admits that TigerNet purchased a component of the computer system known as "Fat Pipe," and denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint, except denies knowledge or information sufficient as to what, if anything, plaintiff Cornelia Fifth Avenue LLC has recently learned.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, and respectfully refers all questions of law to this Honorable Court.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies that TigerNet designed and installed a faulty, defective and ineffectual computer network system, and denies knowledge or information sufficient to form a belief as to the conclusions reached concerning the audit by L&D Computer as alleged in paragraph 28 of the Complaint.

29. Admits that plaintiff Cornelia Fifth Avenue LLC chose to use a software package known as Spa Soft and advised and requested TigerNet to use said software, and denies that remaining allegations contained in paragraph 29 of the Complaint.

30. Admits that the Spa Soft software occasionally crashed, denies that the Spa Soft software crashed due to any actions, errors, inactions or omissions by or involvement of TigerNet, and otherwise denies the remaining allegations contained in paragraph 30 of the Complaint.

Case 1:07-cv-11529-RJS    Document 5    Filed 02/15/2008    Page 5 of 16

31. Denies that Spa Soft crashed because TigerNet installed the software improperly, failed to conduct the appropriate due diligence and that TigerNet failed to take corrective measures to fix the alleged problems, and denies knowledge or information sufficient to form a belief as to what plaintiff Cornelia Fifth Avenue LLC has learned regarding the crashing of the Spa Soft software as alleged in paragraph 31 of the Complaint.

32. Admits that based upon information provided by the manufacturer of Spa Soft software TigerNet configured and implemented the software in a clustered environment and denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information as to what plaintiff Cornelia Fifth Avenue LLC knew or did not know, and denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies that TigerNet committed errors concerning the Spa Soft set-up or other alleged errors concerning the design, installation or configuration of plaintiff Cornelia Fifth Avenue LLC's network, and denies knowledge or information sufficient to form a belief as to the conclusions reached concerning the audit by L&D Computer as alleged in paragraph 36 of the Complaint.

37. Admits that TigerNet, pursuant to the request of plaintiff Cornelia Fifth Avenue LLC, configured the system with two separate connections to the Internet, and denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Admits that pursuant to numerous reasons including, but not limited to, requests by plaintiff Cornelia Fifth Avenue LLC and logistical issues, the servers were located in one location, and denies the remaining allegations contained in paragraph 38 of the Complaint.

39. Admits that the Proposal indicates that a Checkpoint firewall would be used, that a Checkpoint firewall was installed and that TigerNet had remote access to the subject system to provide requested support services and denies the remaining the allegations contained in paragraph 39 of the Complaint.

40. Denies that the back-up system is faulty and denies knowledge or information sufficient to form a belief as to what information was provided by L&D Computer to plaintiffs as alleged in paragraph 40 of the Complaint.

41. Admits that the system design provided for a dedicated room to house network wiring and components, denies any defects in the workmanship of TigerNet and denies knowledge or information sufficient to form a belief as to the conclusions reached concerning the audit by L&D Computer as alleged in paragraph 41 of the Complaint.

42. Admits that plaintiff Cornelia Fifth Avenue LLC had paid TigerNet approximately $1 million for services provided pursuant to the Master Services Agreement and Support Agreement including additional services and equipment requested by said plaintiff, and denies the remaining allegations contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies that plaintiff Cornelia Fifth Avenue LLC properly terminated TigerNet and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 44 of the Complaint.

45. Denies that TigerNet hacked into any computer system and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

### ANSWERING THE FIRST CLAIM FOR RELIEF

50. TigerNet repeats and realleges each and every response contained in paragraphs 1 through 49 of this answer as its answer to paragraph 50 of the Complaint as though set forth at length herein.

51. Admits that TigerNet provided the Proposal Agreement to plaintiff Cornelia Fifth Avenue LLC, denies the remaining allegations contained in paragraph 51 of the Complaint and respectfully refers this Honorable Court to the Proposal for the content and import thereof.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

### ANSWERING THE SECOND CLAIM FOR RELIEF

54. TigerNet repeats and realleges each and every response contained in paragraphs 1 through 49 of this answer as its answer to paragraph 54 of the Complaint as though set forth at length herein.

55. Admits that TigerNet entered into certain agreements with plaintiff Cornelia Fifth Avenue LLC, respectfully refers this Honorable Court to said agreements for the content and import thereof, and denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

58. TigerNet repeats and realleges each and every response contained in paragraphs 1 through 49 of this answer as its answer to paragraph 58 of the Complaint as though set forth at length herein.

59. Denies each and every allegation contained in paragraph 59 of the Complaint, respectfully refers this Honorable Court to the specific agreements between TigerNet and plaintiff Cornelia Fifth Avenue LLC for the content and import thereof, and further respectfully refers all questions of law to this Honorable Court.

60. Denies each and every allegation contained in paragraph 56 of the Complaint and respectfully refers all questions of law to this Honorable Court.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

65. TigerNet repeats and realleges each and every response contained in paragraphs 1 through 49 of this answer as its answer to paragraph 65 of the Complaint as though set forth at length herein.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

69.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted against TigerNet.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

70.     The claims asserted in the Complaint are barred and should be dismissed by virtue of plaintiffs' failure to take reasonable steps to mitigate their damages, if any.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

71.     Plaintiff Cornelia Essentials, LLC lacks privity of contract with TigerNet to maintain any cause of action against TigerNet.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

72.     To the extent plaintiff Cornelia Essentials, LLC alleges that TigerNet breached a contract, there is no contract between Cornelia Essentials, LLC and TigerNet.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

73.     Plaintiff Cornelia Fifth Avenue, LLC received and fully accepted the benefits of any contract and are therefore barred from seeking any recovery herein.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

74.     To the extent that plaintiff Cornelia Fifth Avenue LLC breached material responsibilities or obligations under its contract with TigerNet, including but not limited to failing to pay for services rendered, due and owing, TigerNet is excused from performance.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

75.     To the extent that plaintiff Cornelia Fifth Avenue, LLC requested, approved, consented or acquiesced to the equipment purchased or services rendered by TigerNet, the effect

of which resulted in money owed to TigerNet, plaintiffs are is equitably estopped from asserting a claim for breach of contract.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

76. This action and/or any claims asserted by plaintiff Cornelia Fifth Avenue LLC against TigerNet are time barred by the contractual period of limitations set forth in the Master Services Agreement entered into between plaintiff Cornelia Fifth Avenue LLC and TigerNet.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

77. All TigerNet actions complained of were taken by TigerNet with full knowledge and approval of plaintiff Cornelia Fifth Avenue LLC.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

78. Plaintiffs fail to state their allegations of fraud against TigerNet with sufficient particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

79. Plaintiffs' fraud claim fails to state a claim against TigerNet upon which relief can be granted because, as a matter of law, where, as here, a claim to recover damages for fraud is premised upon an alleged breach of contractual duty, and the supporting allegations do not concern representations which are extraneous or collateral to the terms of the parties' agreement, a cause of action sounding in fraud is not legally sufficient. Moreover, there is no legal duty placed upon TigerNet separate from any applicable duty arising out a duty to perform under the applicable contracts between TigerNet and plaintiff Cornelia Fifth Avenue LLC.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

80.     Any post-contractual statements to conceal a purported breach of contract are not actionable because the applicable law holds that intentionally false statements to conceal a breach of contract do not give rise to an action for fraud.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

81.     Plaintiffs have breached the implied covenant of good faith and fair dealing and are thus barred from recovering the relief sought in the Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

82.     Plaintiffs have failed to comply with the conditions necessary to recover under any contract or purported contract with TigerNet.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

83.     Plaintiffs seek duplicate damages with respect to a single alleged injury.

### FIRST COUNTERCLAIM AGAINST PLAINTIFF CORNELIA FIFTH AVENUE LLC
### (Breach of Contract)

84.     Upon information and belief, plaintiff Cornelia Fifth Avenue LLC ("Cornelia") is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business located at 663 Fifth Avenue, New York, New York.

85.     TigerNet is a corporation organized and existing under the laws of the State of Connecticut, having a principal place of business located at 400 Main Street, Stamford, Connecticut.

86.     This Court has jurisdiction over TigerNet's counterclaims pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

87. In or about October, 2006, TigerNet and Cornelia entered into a written agreement entitled "Cornelia Day Resort Support Agreement" pursuant to which TigerNet would provide technical support at Cornelia's request, on or off site as required to support, resolve or advise on issues that may arise on Cornelia's covered computer network.

88. Pursuant to the Support Agreement, the scope of services for support of the onsite technology information system, as directed and authorized by Cornelia, included support over the telephone, via email, remotely or in person under the terms of the Support Agreement.

89. The Support Agreement is based upon TigerNet providing one half (½) day per week (half day being defined as four (4) technical support hours plus one (1) hour travel = five (5) hours) to support Cornelia either onsite or offsite, as directed by Cornelia. The one hour travel would not be charged for the scheduled support day.

90. The Support Agreement provides that all sums plus applicable sales tax must be paid and are due NET 60 days and that the support work is billed at $150 per hour.

91. Cornelia agreed to pay for support services provided by TigerNet pursuant to the terms of the written agreement.

92. The term of the Support Agreement commenced and became effective on November 15, 2006, and ran for a term to and including November 14, 2007, a period of one year. The Support Agreement provides that Cornelia may terminate the agreement at any time upon 120-day notice.

93. TigerNet provided the services contemplated by the Support Agreement, such services reflected in Invoices dated May 9, 2007, May 21, 2007, June 4, 2007, June 19, 2007, July 2, 2007, August 1, 2007 and September 5, 2007, which were issued to Cornelia for payment pursuant to the Support Agreement.

94. The invoices sent by TigerNet to Cornelia accurately represented the work performed by TigerNet in connection with the Support Agreement.

95. The invoices sent by TigerNet to Cornelia accurately represented the amount due and owing to TigerNet for services rendered.

96. Cornelia received the invoices sent by TigerNet.

97. Cornelia was required by the Support Agreement to pay to TigerNet the amount represented by each invoice within 60 days thereof.

98. Cornelia failed to pay the amounts due and owing represented by invoices sent by TigerNet to Cornelia.

99. TigerNet performed and complied with all of the terms and conditions under the Support Agreement.

100. Despite due demand, Cornelia has failed to perform its obligations under the Support Agreement, and failed to tender or pay the amounts due and owing to TigerNet.

101. Cornelia's failure to pay the amounts due to TigerNet constitutes a breach of contract.

102. Cornelia alleges in its complaint that it terminated TigerNet in or around July, 2007. However, Cornelia failed to terminate the Support Agreement in accordance with the terms and provisions of said agreement. Accordingly, additional support charges were incurred for said failure to properly and timely terminate the agreement.

103. Pursuant to the Support Agreement, in the event of default, Cornelia agrees to pay all costs of collection and non-performance, including, but not limited to, attorneys' fees, court costs and other reasonable collection expenses.

104. Pursuant to the terms and conditions of the Support Agreement, Cornelia is liable to TigerNet in the principal amount of $29,576.98 plus applicable taxes, together with interest, costs, attorneys' fees, late fees, and charges for checks issued by Cornelia with insufficient funds, which sums will continue to accrue during the pendency of this action.

## SECOND COUNTERCLAIM AGAINST PLAINTIFF
## CORNELIA FIFTH AVENUE LLC
### (Account Stated)

105. TigerNet hereby repeats and realleges paragraphs 84 through 104 of the First Counterclaim as if set forth at length hereat.

106. In or about May, June, July, August, and September, 2007, TigerNet provided invoices to Cornelia for services rendered, and a full, just and true account was made and stated between TigerNet and Cornelia which showed a balance of $29,576.98, as of the latter date above, which account was delivered to and received and accepted by Cornelia.

107. Cornelia retained, without any objection being made thereto or any item thereof, the invoices sent by TigerNet.

108. Cornelia has failed and refused to make any payment due to TigerNet under the open invoices despite due demand therefor. Accordingly, the amount due and owing by Cornelia to TigerNet is in the principal amount of $29,576.98 plus applicable taxes, together with interest, costs, attorneys' fees, late fees and charges for checks issued by Cornelia with insufficient funds, which sums will continue to accrue during the pendency of this action.

### THIRD COUNTERCLAIM AGAINST PLAINTIFF CORNELIA FIFTH AVENUE LLC
### (Quantum Meruit)

109. TigerNet hereby repeats and realleges paragraphs 84 through 104 of the First Counterclaim as if set forth at length hereat.

110. Cornelia retained TigerNet to provide certain services in connection with its spa business in New York, New York.

111. TigerNet provided certain technology support services to Cornelia pursuant to the aforementioned Support Agreement.

112. Cornelia accepted the support services from TigerNet.

113. Cornelia has not fully paid for the services rendered by TigerNet.

114. TigerNet has demanded that Cornelia pay for the technology support services provided to it.

115. The reasonable value of the services provided by TigerNet to Cornelia is in the amount of $29,576.98 plus applicable taxes, together with interest, costs, attorneys' fees, late fees and charges for checks issued by Cornelia with insufficient funds, which sums will continue to accrue during the pendency of this action.

**WHEREFORE**, defendant TigerNet demands judgment against plaintiffs Cornelia Fifth Avenue LLC and Cornelia Essentials, LLC as follows:

    a. Dismissing the Complaint;

    b. On the First Counterclaim, awarding a money judgment against plaintiff Cornelia Fifth Avenue LLC in the amount of $29,576.98 plus such other amounts which have heretofore accrued, may accrue, or as are incurred as a result of this action;

  c. On the Second Counterclaim, awarding a money judgment against plaintiff Cornelia Fifth Avenue LLC in the amount of $29,576.98, plus such other amounts which have heretofore accrued, may accrue, or as are incurred as a result of this action;

  d. On the Third Counterclaim, awarding a money judgment against plaintiff Cornelia Fifth Avenue LLC in the amount of $29,576.98, plus such other amounts which have heretofore accrued, may accrue, or as are incurred as a result of this action;

  e. For the costs and disbursements of this action, including attorneys' fees; and

  f. For such further relief as to this Court may seem just, equitable and proper.

Dated: White Plains, New York
   February 15, 2008

            **MILBER MAKRIS PLOUSADIS**
             **& SEIDEN, LLP**

        By: s/ Thomas H. Kukowski
          Thomas H. Kukowski (TK 1749)
          Attorneys for Defendant
           TigerNet Systems, Inc.
          3 Barker Avenue, 6th Floor
          White Plains, New York 10601
          (914) 681-8700

TO: **OLSHAN GRUNDMAN FROME**
   **ROSENZWEIG & WOLOSKY LLP**
   Attorneys for Plaintiffs
    Cornelia Fifth Avenue LLC and
    Cornelia Essentials, LLC
   65 East 55th Street
   New York, New York 10022
   (212) 451-2300