UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
       :
CORNELIA FIFTH AVENUE LLC and      :
CORNELIA ESSENTIALS, LLC,      :
      :    **REPLY**
      Plaintiffs,      :
      :
    v.      :    Case No. 07 CV 11529 (RJS)(GWG)
      :
TIGERNET SYSTEMS, INC.,      :
      :
      Defendant,      :
      :
------------------------------------------------------------X

       Plaintiffs Cornelia Fifth Avenue LLC and Cornelia Essentials, LLC (collectively "Cornelia" or "Plaintiffs"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, as and for their Reply to Defendant's Counterclaims, states as follows:

    1.    Admit the allegations contained in paragraph 84

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

    4.    Deny the allegations contained in paragraph 87, except admit that the parties entered into a written Support Agreement, and respectfully refer the Court to the Support Agreement for its full and complete contents.

    5.    Deny the allegations contained in paragraph 88, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

    6.    Deny the allegations contained in paragraph 89, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

571454-2

7. Deny the allegations contained in paragraph 90, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

8. Deny the allegations contained in paragraph 91, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

9. Deny the allegations contained in paragraph 92, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

10. Deny the allegations contained in paragraph 93, and respectfully refer the Court to the Support Agreement and Invoices referenced for their full and complete contents.

11. Deny the allegations contained in paragraph 94.

12. Deny the allegations contained in paragraph 95.

13. Deny the allegations contained in paragraph 96, except admit that Cornelia received certain Invoices from Defendant.

14. Deny the allegations contained in paragraph 97, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

15. Deny the allegations contained in paragraph 98.

16. Deny the allegations contained in paragraph 99.

17. Deny the allegations contained in paragraph 100.

18. Deny the allegations contained in paragraph 101.

19. Deny the allegations contained in paragraph 102, and respectfully refer the Court to the Complaint for its full and complete contents.

20. Deny the allegations contained in paragraph 103, and respectfully refer the Court to the Support Agreement referenced for its full and complete contents.

21. Deny the allegations contained in paragraph 104.

571454-2

22. Restate and reallege their admissions and denials in the cross-referenced paragraphs contained in paragraph 105.

23. Deny the allegations contained in paragraph 106.

24. Deny the allegations contained in paragraph 107.

25. Deny the allegations contained in paragraph 108.

26. Restate and reallege their admissions and denials in the cross-referenced paragraphs contained in paragraph 109.

27. Deny the allegations contained in paragraph 110, except admit that Cornelia entered into agreements with Defendant pursuant to which Defendant was to provide technology support service to Cornelia, and refer the Court to the agreements for their full and complete contents.

28. Deny the allegations contained in paragraph 111, except admit that Defendant provided certain technology services to Cornelia.

29. Deny the allegations contained in paragraph 112, except admit that Cornelia received certain technology services from Defendant.

30. Deny the allegations contained in paragraph 113.

31. Deny the allegations contained in paragraph 114.

32. Deny the allegations contained in paragraph 115.

First Affirmative Defense

33. Defendant's counterclaims fail to state a claim for relief.

Second Affirmative Defense

34. Defendant's counterclaims are barred by unclean hands.

571454-2

<u>Third Affirmative Defense</u>

35. Defendant's counterclaims are barred because granting the relief sought would unjustly enrich Defendant.

<u>Fourth Affirmative Defense</u>

36. Defendant's counterclaims are barred by the doctrines of estoppel, waiver and laches.

<u>Fifth Affirmative Defense</u>

37. Defendant's counterclaim for account stated is barred because Plaintiffs objected to the invoices sent by Defendant.

<u>Sixth Affirmative Defense</u>

38. Defendant's counterclaims are barred by its own fraud.

Dated: New, York, New York
March 20, 2007

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: <u>s/Randy M. Friedberg</u>
Randy M. Friedberg (RF 8645)
Lori Marks-Esterman (LME 2841)
Attorneys for Plaintiffs
65 East 55th Street
New York, New York 10022
(212) 451-2300